UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. BOCKARI, | No. 2:19-cv-00698 AC |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is appearing in pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying continued payment of his Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f[1] during a period of incarceration, and denying his request that an overpayment, made while he was incarcerated, be waived. ECF No. 21 (plaintiff's amended motion for summary judgment). Defendant agreed to waive return of the overpayment and moved for remand on that issue. ECF No. 24 (defendant's motion for remand). The parties continue to dispute whether plaintiff should have received his SSI payments while incarcerated.

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

See ECF No. 24 (plaintiff's reply brief). For the reasons that follow, the court will grant defendant's motion for remand on the issue of overpayment, and deny plaintiff's motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff is a recipient of supplemental security income (SSI) under Title XVI of the Social Security Act. AR 9. Between April 20, 2017 and September 8, 2017 plaintiff was incarcerated at the Sacramento County Jail; the charges against him were ultimately dismissed and he was released from custody. AR 10, 45-46. Plaintiff received his regular SSI payment of $895.72 for the month of May 2017. AR 27. On June 1, 2017, the Social Security Administration sent plaintiff a letter telling him the payment he had received in May 2017 was an overpayment because he was incarcerated that month, and he would need to repay the agency, request a waiver, or file an appeal because he was not entitled to benefits while in custody. AR 27-34. Plaintiff's benefit payments were suspended during the months of June, July, August and part of September 2017, while plaintiff was incarcerated. AR 9. On September 19, 2017, the agency sent plaintiff a letter stating that the regular payments of $895.72 would resume in October 2017 and he would receive a pro-rated payment in the amount of $498.89 for September 2017 because he was in custody for only part of the month. AR 47-52.

On October 2, 2017, plaintiff filed a request for reconsideration, alleging that he was entitled to benefits during his period of incarceration on the grounds that he was never convicted of a crime. AR 68, 70. Plaintiff also requested a waiver of liability for the overpayment. AR 75-76. On April 18, 2018, the Administration denied plaintiff's request for reconsideration. AR 118-19. Plaintiff requested a hearing before an administrative law judge (ALJ). AR 120-30. ALJ David Blume held a hearing on December 4, 2018. AR 174-80 (transcript). Plaintiff waived his right representation in writing and verbally. AR 160, 176-77. On January 16, 2019, the ALJ issued a decision finding that plaintiff was not entitled to a waiver of the overpayment for May 2017 and was not underpaid benefits for the months of June through September 2017. AR 9-13 (decision). Plaintiff filed a request for review (AR 161), which the Appeals Council denied, making the ALJ's decision final for this court's review. AR 2-5.

Plaintiff filed this action on April 25, 2019. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 21 (plaintiff's amended summary judgment motion), 24 (Commissioner's motion to remand), 26 (plaintiff's reply). Plaintiff also filed a premature summary judgment motion (ECF No. 8) and an additional summary judgment motion (ECF No. 20), which will be disregarded in light of the amended motion.

## II. LEGAL STANDARDS

The Commissioner's decision will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

### III. ANALYSIS

The two issues presented to the ALJ were (1) whether plaintiff was entitled to a waiver for the alleged overpayment of benefits; and (2) whether plaintiff was underpaid when the Administration suspended his benefits while he was incarcerated. AR 9. Defendant has agreed to a remand of this case as to the first issue only (see ECF No. 24); the second issue remains. Upon detailed review of the record and applicable law, it is clear that the Administration was not obligated to pay plaintiff benefits during his period of incarceration, and plaintiff's motion must therefore be denied.

The Social Security Act and corresponding regulations state clearly that any person who is incarcerated is ineligible for SSI benefits. The statute and regulations make no distinction between pre-trial and post-conviction incarceration, and do not limit ineligibility to those convicted of a crime. Section 1611(e)(1)(A) of Title XVI of the Act, codified at 42 U.S.C § 1383(e)(1)(A), states that "no person shall be an eligible individual or eligible spouse for purposes of this title with respect to any month he is an inmate of a public institution." See also 20 C.F.R. § 416.211 ("you are not eligible for SSI benefits for any months throughout which you are a resident of a public institution as defined in § 416.201"). The applicable regulations define

a "public institution" as "an institution that is operated by or controlled by the federal government, a State, or a political subdivision of a State such as a city or county; a resident of a public institution is defined as "a person who can receive substantially all of his or her food and shelter while living in a public institution." 20 C.F.R. § 416.201. A resident of a "public institution" is someone who "can receive substantially all of his or her food and shelter while living in a public institution." Id. The ALJ accurately cited to and relied upon this authority. AR 10-11.

Although plaintiff argued before the ALJ that benefits must be paid if an incarcerated beneficiary is not ultimately convicted, the ALJ correctly informed plaintiff that the law he relies on applies only to Title II of the Social Security Act, not to SSI payments under Title XVI. AR 11; 20 CFR 404.468. The undersigned agrees with the ALJ that this is the state of the law. Plaintiff also argues here (ECF No. 21 at 1-3), and argued before the ALJ, that the No Social Security for Prisoners Act of 2009 dictates that he receives benefits absent a conviction. However, this law merely addresses circumstances in which the agency is prohibited from paying retroactive benefits "to individuals while they are in prison, are in violation of conditions of their parole or probation, or are fleeing to avoid prosecution for a felony or a crime punishable by sentence of more than one year." § 6225 Social Security eligibility requirements—When to file application, 5 West's Fed. Admin. Prac. § 6225, citing NO SOCIAL SECURITY BENEFITS FOR PRISONERS ACT OF 2009, PL 111-115, December 15, 2009, 123 Stat 3029, amending, inter alia, 42 U.S.C. § 1383(b). This law did not replace or amend Section 1611(e)(1)(A), which continues to apply to plaintiff's circumstances. See 42 US.C. § 1383(e)(1)(A).

In conclusion, the undersigned does not find that the ALJ erred with respect to the suspension of plaintiff's SSI benefits during his period of incarceration. This matter will thus be remanded only as to the issue of overpayment, which the Commissioner has agreed to waive.

## VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended motion for summary judgment (ECF No. 21), is DENIED and his motions at ECF No. 20 and 8 are DISREGARDED as premature and duplicative;

2. The Commissioner's motion for remand (ECF No. 24), is GRANTED;

3. The matter is REMANDED to the Commissioner for further proceedings consistent with this order; and

4. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERED.

DATED: April 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE